## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CORINA VARGAS, on behalf of herself, individually, and on behalf of all others similarly situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **Case No. 18-cv-5940** |
| **v.** | ) ) | |
| **STERLING ENGINEERING, INC. d/b/a/ STERLING STAFFING, INC.,** | ) ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) ) | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff CORINA VARGAS ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her counsel, brings this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and class action under Federal Rule of Civil Procedure 23 and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, against Defendant STERLING ENGINEERING, INC. d/b/a STERLING STAFFING, INC., ("Defendant" or "Sterling"), and alleges upon personal belief as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

## NATURE OF THE ACTION

1.    This action arises out of Defendant's systematic, companywide misclassification of Plaintiff and other similarly situated Technical Recruiters, or other similarly titled positions (collectively, "Recruiters"), as exempt from the overtime compensation requirements of the FLSA and IMWL.

2.     This action seeks to remedy Defendant's illegal practices, whereby Defendant deliberately and uniformly deprived Plaintiff and similarly-situated Recruiters of earned overtime wages in violation of the FLSA and IMWL.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction." Plaintiff has signed an opt-in consent form to join this lawsuit. (Exhibit A).

4.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

5.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within this District and because a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

7.     Plaintiff CORINA VARGAS is an adult citizen and resident of Illinois who worked for Defendant as a full-time salaried Recruiter in its Westchester, Illinois office from approximately October 2017 until January 2018.

8.     During the relevant time period, CORINA VARGAS was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e)(1) and IMWL 820 ILCS § 105/3(d).

9.      At all relevant times, Defendant STERLING has been an Illinois corporation with its principal place of business located at 2 Westbrook Corporate Center, Suite 300, Westchester, IL

60154.

10.     At all relevant times, Defendant was an "employer" of Plaintiff as defined by the FLSA, 29 U.S.C. § 203(d) and IMWL, 820 ILCS § 115/2.

11.     Defendant is covered by the FLSA because it is an "enterprise" under the FLSA, 29 U.S.C. § 203(s)(1)(A). Defendant has employees engaged in commerce and revenue that exceeds $500,000.00.

## FACTUAL ALLEGATIONS

12.     Defendant STERLING is a staffing agency that provides engineering and information technology staffing "IT" services to Fortune 100 companies as well as mid-size companies in automation, food, pharmaceutical, manufacturing, transportation, and packaging industries. The company's goal is to staff candidates to clients for engineering and IT projects.

13.     Plaintiff CORINA VARGAS and the similarly-situated Recruiters she seeks to represent are all misclassified as exempt and all share similar, if not identical, job descriptions, job requirements and compensation plans, among other things. Recruiters' primary duty is to provide basic staffing services for Defendant's clients.

14.     Recruiters work to staff candidates for either contract, contract to hire, or direct hire positions with clients.

15.     Recruiters have no discretion in the operations of Sterling's business. Namely, Recruiters have no authority to formulate, affect, implement, or administer the policies or procedures of Sterling's business.

16.     Recruiters' primary duties do not involve the exercise of discretion or independent judgment with respect to matters of significance. All major strategic decisions, including deciding which candidates to present directly to clients, are made by the directors, business unit managers,

account coordinators, and other upper level supervisory roles. Recruiters must adhere to preestablished recruiting processes and methodologies for identifying and placing qualified candidates.

17.     Further, Recruiters do not supervise the candidates after they are placed. As such, Recruiters do not have authority to resolve grievances, discipline, terminate, or transfer candidates after they are placed.

18.     Defendant classified Recruiters as exempt employees under the FLSA and IMWL and did not pay them overtime wages despite working in excess of forty (40) hours in given workweeks.

19.     Defendant directed Recruiters to work, and they routinely did work, in excess of forty (40) hours in given workweeks, but Recruiters were not compensated for overtime wages earned at a rate of one and one-half times their regular rate.

20.     Defendant misclassified Recruiters as exempt from overtime compensation under the FLSA and IMWL.

21.     Defendant suffered and permitted Recruiters to work more than forty (40) hours per week without overtime pay.

22.     Defendant did not keep accurate records of all of the hours worked by Recruiters.

23.     Defendant was aware, or should have been aware, that Recruiters performed non-exempt work that required payment of overtime compensation.

24.     The conduct alleged above reduced Defendant's labor and payroll costs.

25.     Recruiters were uniformly subject to Defendant's employment policies and practices and were victims of Defendant's scheme to deprive them of overtime compensation. As a result of Defendant's improper and willful failure to pay Plaintiff and similarly-situated Recruiters in accordance with the requirements of the FLSA and IMWL, Plaintiff and similarly-situated

Recruiters suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiff brings this collective action on behalf of herself and all others similarly situated pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid overtime compensation, liquidated damages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendant's violation of the FLSA.

27.     Plaintiff brings this action under the FLSA on behalf of the following collective class of similarly situated employees:

> All persons who worked for Sterling as Recruiters, or other similarly titled positions during the applicable statute of limitations period, and who were classified as exempt and were not paid overtime compensation for time worked in excess of forty (40) hours in given workweeks (the "FLSA Collective").

28.     Plaintiff is a member of the FLSA Collective she seeks to represent because she worked for Defendant as a Recruiter during the relevant period and was routinely required, suffered, or permitted to work more than forty (40) hours per week without overtime compensation.

29.     This action is properly maintained as a collective action because the representative Plaintiff is similarly situated to the members of the FLSA Collective with respect to their job titles, job duties, and compensation plan, and are all subject to a common practice, policy, or plan in which Defendant suffered and permitted them to perform work for its benefit in excess of forty (40) hours in given workweeks without compensation at time-and-a-half their regular rate of pay.

30.     Defendant knew or should have known that it had misclassified the members of the FLSA Collective as exempt.

31.     Defendant knew or should have known that the members of the FLSA Collective worked in excess of forty (40) hours in given workweeks.

32.     Defendant's conduct, as alleged herein, constitutes a willful violation of the FLSA within

the meaning of 29 U.S.C. § 255.

33.     Defendant is liable under the FLSA for failing to properly compensate members of the FLSA Collective. Plaintiff requests that the Court authorize notice to the members of the FLSA Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

34.     Upon information and belief, Plaintiff estimates there are approximately eighty (80) similarly situated current and former members of the FLSA Collective who would benefit from the issuance of court-supervised notice and an opportunity to join the present action if they choose.

35.     The precise number of members of the FLSA Collective can be easily ascertained by using Defendant's payroll and personnel records. Given the composition and size of the class, members of the FLSA Collective may be informed of the pendency of this action directly via U.S. mail, email, and otherwise.

## IMWL CLASS ALLEGATIONS

36.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), Plaintiff brings claims for relief on her own behalf and as a representative of a class under the IMWL, 820 ILCS 105/1, *et seq*., to recover unpaid overtime compensation, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendant's violation of the IMWL.

37.     Plaintiff seeks class certification under Rule 23 for the following class under the IMWL:

> All persons who worked for Sterling as Recruiters, or other similarly titled positions in the state of Illinois during the applicable statute of limitations period, and who were classified as exempt and were not paid overtime compensation for time worked in excess of forty (40) hours in given workweeks (the "IMWL Class").

38.     This action is properly maintained as a class action under Rule 23(a) and Rule 23(b) because:

A. The IMWL Class is so numerous that joinder of all members is impracticable;

B. There are questions of law or fact that are common to the IMWL Class;

C. The claims of Plaintiff are typical of the claims of the IMWL Class; and,

D. Plaintiff will fairly and adequately protect the interests of the IMWL Class.

**Numerosity**

39. Upon information and belief, Plaintiff estimates that the total number of putative IMWL Class members represents at least forty (40) individuals. The precise number of IMWL Class members can be easily ascertained using Defendant's personnel and payroll records and other records.

**Commonality**

40. There are numerous and substantial questions of law and fact common to the IMWL Class members, including, without limitation, the following:

A. Whether Defendant can meet its burden of proving it properly classified the members of the IMWL Class as exempt from the overtime requirements of the IMWL;

B. Whether Defendant failed to pay the members of the IMWL Class overtime compensation for hours worked in excess of forty (40) hours per workweek as required by the IMWL;

C. Whether Defendant failed to keep true and accurate records of the amount of time the members of the IMWL Class actually worked;

D. Whether Defendant willfully or recklessly disregarded the law in implementing its wage and hour policies applicable to the IMWL Class; and,

E. The nature and extent of the class-wide injury and the appropriate measure of damages for the IMWL Class.

41. Plaintiff anticipates that Defendant will raise defenses that are common to the IMWL Class.

**Adequacy**

42.　　Plaintiff will fairly and adequately protect the interests of all members of the IMWL Class, and there are no known conflicts of interest between Plaintiff and IMWL Class members. Plaintiff, moreover, has retained experienced counsel who are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel specifically in wage and hour litigation.

**Typicality**

43.　　The claims asserted by the Plaintiff are typical of the IMWL Class members she seeks to represent. The Plaintiff has the same interests and suffers from the same unlawful practices as the IMWL Class members.

44.　　Upon information and belief, there are no other IMWL Class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can opt out of this action pursuant to Rule 23.

**Common Questions of Law and Fact Predominate and a Class Action is Superior to Joinder of Claims or Individual Lawsuits**

45.　　The common questions identified above predominate over any individual issues because Defendant's conduct and the impact of its policies and practices affected IMWL Class members in the same manner: they were suffered and/or permitted to work overtime without proper overtime pay.

46.　　A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a

single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

47.     On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

48.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

49.     Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

50.     Plaintiff and the members of the FLSA Collective are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

51.     Section 207(a)(1) of the FLSA states that an employee must be paid an overtime rate equal to at least one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per week.

52.     Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Plaintiff and members of the FLSA Collective to work overtime hours without paying them proper overtime compensation.

53.     Throughout the relevant period, Plaintiff and members of the FLSA Collective worked in excess of forty (40) hours per week, but were not paid an overtime premium of one and one-half times their regular hourly rate for those additional hours.

54.     Plaintiff and members of the FLSA Collective are not subject to any exemption.

55.     Defendant's violations of the FLSA, as described herein, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and members of the FLSA Collective.

56.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

57.     Defendant failed to create or maintain accurate records of the time Plaintiff and the members of the FLSA Collective worked in violation of the FLSA, 29 U.S.C. § 211(c).

58.     Plaintiff and members of the FLSA Collective have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of forty (40) hours per week from which Defendant derived a direct and substantial benefit.

59.     As a result of the unlawful acts of Defendant, Plaintiff and members of the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at

trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

60.    Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

61.    Plaintiff is a member of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

62.    Section 105/4(a) of the IMWL requires employers to pay employees one and one-half times their regular rate for all hours worked over forty (40) per workweek. Section 105/12 of the IMWL provides that employers who violate the provisions of the act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments, and other appropriate relief.

63.    Throughout the relevant period, Plaintiff and the IMWL Class members worked in excess of forty (40) hours per week, but were not paid an overtime premium of one and one-half times their regular hourly rate for those additional hours.

64.    Defendant required, suffered or permitted Plaintiff and the IMWL Class members to work in excess of forty (40) hours per week without overtime compensation.

65.    Defendant engaged in a widespread pattern, policy, and practice of violating the IMWL by misclassifying Plaintiff and the IMWL Class members as "exempt" and thereby failing and refusing to pay them the overtime compensation as required by law and in accordance with Section 105/4(a) of the IMWL.

66.    Plaintiff and the IMWL Class members are not subject to any exemption.

67.     Defendant failed to create or maintain accurate records of the time Plaintiff and the IMWL Class members worked in violation of the IMWL, 820 ILCS § 105/8.

68.     As a result of Defendant's violations of the IMWL, Plaintiff and the IMWL Class members have suffered and will continue to suffer a loss of income and other damages.

69.     As a result of Defendant's unlawful conduct, it is liable to Plaintiff and the IMWL Class members for actual damages, statutory damages, and equitable relief, as well as reasonable attorneys' fees, costs, and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CORINA VARGAS, individually and on behalf of all others similarly situated, by and through her attorneys, demands judgment against Defendant and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate them for the nature, extent and duration of their damages, the costs of this action, and as follows:

A.      Certify a collective action under Count I and designate Plaintiff as representative of all those employees similarly situated;

B.      Order Defendant to furnish to counsel a list of all names, telephone numbers, email addresses, and current (or best known) home addresses of all members of the proposed FLSA Collective;

C.      Authorize Plaintiff's counsel to issue notice at the earliest possible time informing the members of the FLSA Collective that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

D.      Certify a class action under Count II;

E.      Appoint Stephan Zouras, LLP as class counsel;

F.      Declare and find that Defendant committed one or more of the following acts:

     i.      Violated the overtime provisions of the FLSA by misclassifying Plaintiff and similarly situated employees who opt-in to this action as exempt from overtime compensation;

     ii.      Willfully violated provisions of the FLSA; and

     iii.      Violated the overtime provisions of the IMWL by misclassifying Plaintiff and IMWL Class members as exempt from overtime compensation.

G.      Award compensatory damages, including all pay owed, in an amount according to proof under the FLSA and IMWL;

H.      Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid under the IMWL;

I.      Award pre-judgment interest on all compensatory damages due;

J.      Award liquidated damages in an amount equal to the amount of unpaid overtime compensation found due under the FLSA;

K.      Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA and IMWL;

L.      Grant leave to amend to add claims under applicable state and federal laws;

M.      Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

N.      For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: August 29, 2018                    Respectfully Submitted,

                                          */s/ Ryan F. Stephan*
                                          Ryan F. Stephan
                                          James B. Zouras
                                          STEPHAN ZOURAS, LLP
                                          205 N. Michigan Avenue, Suite 2560
                                          Chicago, Illinois 60601
                                          312-233-1550
                                          312-233-1560 f
                                          rstephan@stephanzouras.com
                                          jzouras@stephanzouras.com

                                          *Counsel for Plaintiff and the Putative Collective and Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 29, 2018, a true and correct copy of the foregoing

**COMPLAINT** was filed via this Court's CM/ECF system.

*/s/ Ryan F. Stephan*

Ryan F. Stephan
