# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CORINA VARGAS, on behalf of herself, individually and on behalf of others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 18-cv-5940<br>)<br>) Judge Sharon Johnson Coleman |
| STERLING ENGINEERING, INC. d/b/a STERLING STAFFING, INC., | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Corina Vargas, individually and on behalf of all persons similarly situated, filed this suit against Defendant Sterling Engineering, Inc. d/b/a Sterling Staffing, Inc. ("Sterling") for violating the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). Plaintiff moves for conditional certification of the FLSA claim as a collective action and authorization to facilitate notice pursuant to 29 U.S.C. § 216(b). For the reasons stated herein, Plaintiffs' motion [22] is granted.

**Background**

Sterling is a staffing agency headquartered in Westchester, Illinois. It specializes in placing candidates who have technical or engineering backgrounds with companies in a variety of industries, including pharmaceuticals, energy, automation, transportation, electronics, and information technology. Sterling employs about thirty recruiters, who have one of five titles: Junior Recruiter, Senior Recruiter, Technical Recruiter, Recruiting Coordinator, Researcher/Sourcing Recruiter, and Team Lead Recruiter. The recruiters are either assigned to a team focusing on a particular industry or on one of two general teams, the "house" team and the "commercial" team. Recruiters within the house and commercial team may handle staffing in any of the specialized teams. Plaintiff Corina

1

Vargas worked as a Technical Recruiter at Sterling's Westchester office from October 2017 until January 19, 2018. She was paid an annual salary plus commission and quarterly bonus. (Dkt. 83-4.) Her position was classified as exempt from overtime compensation. (*Id.*)

Sterling's Vice President, Greg Stimutis, testified about the similarities of all recruiters. (Dkt. 82-2.) Recruiters are responsible for finding potential candidates to fill contract, contract-to-hire, and direct hire positions for Sterling clients. (*Id.* at 6-7, 95.) They all work in open-space cubicles and go through the same training program. (*Id.* at 36, 102.) They all report to and are supervised by a business unit manager. (*Id.* at 10.) All recruiters must additionally abide by a uniform set of Sterling policies, including the Sterling Employee Handbook. (*Id.* at 81.) With the exception of one Junior Recruiter, Sterling classifies all full-time recruiters as exempt from overtime compensation. (*Id.* at 48.) They all have the same compensation plan, which includes a salary plus bonuses or commissions. (*Id.* at 48, 180.) In addition to the Junior Recruiter classified as an hourly, non-exempt employee, that classification has previously applied to recruiting interns and part-time recruiters. (*Id.* at 48-50.)

Plaintiff seeks to certify the following collective class:

> All persons who worked for Sterling as Recruiters, or other similarly-titled positions during the applicable statute of limitations period, and who were classified as exempt and were not paid overtime compensation for time worked in excess of forty (40) hours in given workweeks.

**Legal Standard**

Pursuant to the FLSA, "employees are entitled to overtime pay (i.e., one and one-half times the regular rate) for any hours worked in excess of forty hours per week, unless they come within one of the various exemptions set forth in the Act." *Schaefer–LaRose v. Eli Lilly & Co.*, 679 F.3d 560, 572 (7th Cir. 2012) (citing 29 U.S.C. §§ 207, 213). Section 216(b) of the FLSA gives employees the right to bring their FLSA claims through a collective action on behalf of themselves and other "similarly situated" employees. *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1049 (7th Cir. 2020) (citing 29

U.S.C. § 216(b)). Unlike a Rule 23 class action, a FLSA collective action requires that the members opt in to be bound, rather than, as in a class action, opting out to not be bound. *See Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 877 (7th Cir. 2012). District courts have wide discretion to manage collective actions. *See Hoffmann–La Roche v. Sperling*, 493 U.S. 165, 171, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).

Courts of this Circuit employ a two-step process for determining whether an FLSA lawsuit should proceed as a collective action. This case is at step one, the conditional certification stage. At this first stage, the court determines whether to send notice to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiff with respect to whether an FLSA violation has occurred. *Kurgan v. Chiro One Wellness Ctrs. LLC*, No. 10-cv-1899, 2014 WL 642092 at *3 (N.D. Ill. Feb. 19, 2014) (Dow, J.) The plaintiff has the burden of showing that other potential claimants are similarly situated by making a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Nicks v. Koch Meat Co.*, 265 F. Supp. 3d 841, 848 (N.D. Ill. 2017) (St. Eve, J.) (citations omitted). The standard of proof at this stage is low and leniently interpret the term "similarly situated" when deciding whether plaintiffs have met their burden. *See Grosscup v. KPW Mgmt., Inc.*, No. 16 C 06501, 2017 WL 2461538, at *1 (N.D. Ill. June 7, 2017) (Tharp, J.) (citations omitted). Although the burden of proof is low, plaintiffs must provide some evidence in the form of affidavits, declarations, deposition testimony, or other documents to support the allegations that other similarly situated employees were subjected to a common policy that violated the law. *Nicks*, 265 F. Supp. 3d at 849. At this initial stage, however, "[t]he court does not make merits determinations, weigh evidence, determine credibility, or specifically consider opposing evidence presented by a defendant." *Id.* (quoting *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 855-56 (N.D. Ill. 2013) (Hart, J.)). After the court has found that putative collective action members are similarly situated, the court has "discretion, in

3

appropriate cases, to implement 29 U.S.C. § 216(b) ... by facilitating notice to potential plaintiffs." *Hoffmann-La Roche*, 493 U.S. at 169, 110 S.Ct. 482.

The second step occurs after the opt-in and discovery process has been complete and is more stringent. At that point, the court should reevaluate the conditional certification to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis. *Nicks*, 265 F. Supp. 3d at 857.

**Analysis**

**I. Applicable Standard**

As an initial matter, Defendants argue that because the parties have already engaged in some discovery the Court should apply a more stringent, intermediate standard of review to Plaintiff's "similarly situated" burden. Some discovery, however, does not automatically trigger a more stringent standard. To the contrary, courts in this District generally apply the "modest factual showing" standard to FLSA certification cases where the parties have engaged in some discovery but have not engaged in explicit and substantial class discovery and defendants have not provided a list of potential members to the class. *Compare Nicks*, 265 F. Supp. 3d at 850 (applying the more lenient standard where parties conducted initial discovery, but had not yet engaged in discovery with the potential class members or in extensive discovery explicitly focused on the "similarly situated" issue) *and Girolamo v. Cmty. Physical Therapy & Assocs.*, Ltd., No. 15 C 2361, 2016 WL 3693426, at *3 (N.D. Ill. July 12, 2016) (Rowland, J.) (applying the "modest factual showing" standard where Plaintiff deposed three witnesses, conducted a 30(b)(6) deposition and defendant deposed a potential plaintiff because "[a]lthough discovery has been ongoing for several months, Defendants have not produced a list of potential plaintiffs, and the parties have not had an opportunity to engage in discovery with the potential class members") *with Steger* v. *Life Time Fitness, Inc.*, No. 14-CV-6056, 2016 WL 245899, at *2 (N.D. Ill. Jan. 21, 2016) (Coleman, J.) (applying the intermediate standard

4

where the parties completed discovery on class certification issues). Here, parties have engaged in some discovery, including written discovery requests and depositions of Vargas and the Defendant's designated 30(b)(6) witness. Importantly, however, Defendant has not provided Vargas with a list of potential plaintiffs the parties have not engaged in targeted discovery on the conditional certification issue. As a result, the Court will apply the more lenient "modest factual showing" standard in assessing whether Vargas has demonstrated that she and the other proposed claimants are similarly situated.

## II. Similarly Situated

Vargas has made the "modest factual showing" necessary to establish that she and other potential plaintiffs are similarly situated for conditional approval purposes. In support of her motion, Vargas submitted the deposition transcript of Gregory Simutis, the Vice President of Sterling, the job listing and description for a Technical Recruiter position, and her offer letter from Sterling. These documents show that recruiters generally had the same job duties or mission, were subject to the same general compensation structure, and were expected to follow the same company policies.

Defendant argues that Vargas cannot show that she is similarly situated to other recruiters because there are substantial differences in their job roles. Therefore, Defendant argues, certification is not appropriate because the analysis of whether a recruiter was properly classified as exempt would be highly individualized. Potential differences among job positions, however, are not appropriately considered at the conditional certification stage. *See Smallwood v. Illinois Bell Tel. Co.*, 710 F. Supp. 2d 746, 750 (N.D. Ill. 2010) (Denlow, J.). Defendant has attached deposition testimony, declarations, and a summary chart in support of the arguments in its response brief. The Court reiterates that at this first stage of certification, it "does not make merits determinations, weigh evidence, determine credibility, or specifically consider opposing evidence presented by a

5

defendant." *Bergman*, 949 F. Supp. 2d at 855–56. The Court will not weigh Defendant's opposing evidence or make credibility determinations about Vargas at this stage. Rather, it will only determine whether Vargas has made a "modest showing" that she is similarly situated to other proposed class member.

Contrary to Defendant's argument, there is sufficient evidence in the record to meet a "modest showing" that the potential class members are similarly situated. Even though Simutis testified that there is variety in the duties of recruiters, he also testified that the primary role of recruiters is to find potential candidates to be matched for positions with Sterling clients. (Dkt. 83-2 at 6-7, 95.) This is adequate to show that recruiters had the same essential responsibility. *See Jirak v. Abbott Labs., Inc.,* 566 F. Supp. 2d 845, 848 (N.D. Ill. 2008) (Castillo, J.) (conditionally certifying a class where pharmaceutical representatives had the same essential responsibility in calling on physicians and promoting Defendant's pharmaceutical products); *Perry v. Nat'l City Mtge., Inc.*, No. 05-891, 2007 WL 1810472, *3–4 (S.D. Ill. June 21, 2007) (conditionally certifying class of 5,500 loan originators despite defendant's argument that job duties varied depending on their classification, because loan originators had the same "overall mission"). Sterling Recruiters are additionally all subject to the same general compensation structure, all report to a business unit manager, and must abide by the same Sterling policies. Simutis additionally testified that all Technical Recruiters are classified as exempt from overtime compensation. (Dkt. 83-2 at 99-10.) This statement is consistent with the language in Plaintiff's offer letter, indicating her position as a Technical Recruiter was classified as exempt. (Dkt. 83-4.) Simutis further testified that there is currently only one recruiter of any kind at Sterling who is paid hourly or classified as non-exempt. (Dkt. 83-2 at 48.)

At this stage, Plaintiff has made the minimal showing necessary for conditional certification and notice to the potential class members. Defendant does not oppose the form or substance of the Plaintiff's proposed notice, so it is approved. It also does not dispute the scope of the proposed

6

collective class and the Court deems it appropriate. Defendant is free to move the Court for decertification after the opt-in discovery process is complete.

**Conclusion**

For the foregoing reasons, this Court grants Plaintiffs' motion for conditional certification as a collective action and authorizes Plaintiff to facilitate notice pursuant to 29 U.S.C. § 216(b) [22].

**IT IS SO ORDERED.**

Date: 3/18/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge